[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13816
Non-Argument Calendar

_____

BIA No. A79-453-883

RODRIGO ALBERTO BARRERA CASTRILLON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 19, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Rodrigo Alberto Barrera Castrillon, a native and citizen of

Colombia, S.A., attempted to enter the United States at the Miami International Airport on June 22, 2002, by presenting a false Colombian passport, and was taken into custody by the immigration authorities. He was promptly charged with removability under the Immigration and Nationality Act (INA), and on February 7, 2003, appeared with counsel before an Immigration Judge (IJ) and conceded his removability. Petitioner sought to avoid being removed to Colombia by applying for asylum and withholding of removal under the INA.[1]

On October 14, 2004, the IJ considered his application. After hearing testimony and considering the documentary evidence presented, the IJ denied the application and ordered Petitioner's removal. On June 12, 2006, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal and denied his motion to reopen[2] the case for further consideration of his asylum claim. The instant petition for review followed.

Our review is limited to an examination of the administrative record on which the removal order is based. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's decision to the extent the BIA expressly

---

[1] Petitioner also applied for relief under the U.N. Convention Against Torture. The IJ and Board of Immigration Appeals's denial of such relief is not presented as an issue by the instant petition for review, and we thus do not discuss it.

[2] Petitioner labeled his motion to reopen as a motion to remand. We treat it as a motion to reopen because that label reflects the relief he sought, i.e., the IJ's consideration of evidence not previously presented. See Najjar, 257 F.3d at 1283-84.

adopts the IJ's findings or otherwise incorporates them into its decision. Id. Here the BIA issued its decision pursuant to 8 C.F.R. § 1003.1(d)(3)(I), which provides that the BIA may not engage in a de novo review of the IJ's findings of fact; rather, it reviews them to determine whether they are clearly erroneous. Where, as here, a case turns primarily on factual issues subject to our review for substantial evidence, we look to the IJ's decision because the BIA did not, and could not, act as a de novo fact finder. With respect to the denial of Petitioner's application for asylum, we look to both the BIA's and the IJ's decision for the agency's analysis. In reviewing the denial of Petitioner's motion to reopen, we look only to the BIA's decision. 8 C.F.R. § 1003.1(d)(3)(ii).

The denial of an alien's application for asylum must be upheld if it is supported by substantial evidence. See Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). Under this highly deferential standard of review, a denial of asylum may be reversed only if the evidence would compel a reasonable fact finder to find that the requisite fear of persecution exists. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L.Ed.2d 38 (1992).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee."

3

See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).

A "refugee" is:

any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284.

An alien is entitled to asylum if he can establish, with specific and credible evidence: (1) past persecution on account of his membership in a particular social group, political opinion, or other statutorily listed factor, or (2) a "well-founded fear" that his membership in a particular social group, political opinion, or other statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. The term "particular social group" is not a "catch all" for all persons alleging persecution who do not fit elsewhere, and we defer to the BIA's definition of a particular social group, which states that it is one that shares a common, immutable characteristic. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1193, 1196, 1198 (11th Cir. 2006), petition for cert. filed, (No. 06-642) (U.S. Nov. 1, 2006).

4

If the alien demonstrates past persecution, he is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption.  8 C.F.R § 208.13(b)(1).  If, however, the alien does not establish past persecution, he bears the burden of showing a well-founded fear of persecution by showing that: (1) he fears persecution based on his membership in a particular social group, political opinion, or other statutorily listed factor; (2) there is a reasonable possibility he will suffer persecution if removed to his native country; and (3) he could not avoid persecution by relocating to another part of his or her country, if under all the circumstances it would be reasonable to expect relocation.  See 8 C.F.R. § 208.13(b)(2), (3)(I).  An alien's claim of well-founded fear of future persecution will be undermined if his close relatives remain unharmed in the region in which the alien was threatened. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).  "Persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation . . . ." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005).

A thorough review of the record convinces us that substantial evidence supports the finding that Petitioner failed to show past persecution.[3]  This is a case

---

[3]  The IJ found Petitioner's testimony not credible in many respects.  The BIA found it unnecessary to address this adverse credibility finding because, even if Petitioner's testimony was credible, the IJ did not err in concluding that Petitioner failed to sustain his burden of proving eligibility for asylum and withholding of removal.

where a paramilitary organization, the AUC, attempted to shake Petitioner down for money. His contact with members of the AUC began when they boarded a bus and took his and the other passengers' money and identifying documents. He did not file a police report because when he went to the police station, he discovered that one of those who boarded the bus, and who appeared to recognize Petitioner, was working there. After that, he started receiving pamphlets threatening to kill him if he did not leave the country. He went into hiding and eventually came to the United States.

As the BIA found, Petitioner failed to show that he was targeted on account of his perceived political opinion or membership in a particular social group, and that the government was unable or unwilling to protect him. Moreover, he failed to demonstrate a well-founded fear of future persecution in that he presented no evidence that anyone would harm him if he returned to Colombia or, if harm awaited him at his home town, that he could not safely locate in another part of the country. In short, the threats he described did not rise to the level of persecution. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, t 1231 (11th Cir. 2005). The shooting he described resulted in no physical harm to his person.

In sum, we find no basis for setting aside the agency's decision denying

Petitioner's application for asylum.[4]

We review the BIA's decision denying Petitioner's motion to reopen for abuse of discretion. Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999). "A motion to reopen proceedings shall not be granted unless it appears to the Board that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the formal hearing." 8 C.F.R. § 1003.2(c)(1). The evidence Petitioner cited in his motion to reopen was known to Petitioner and plainly available at the time of the formal hearing. The BIA therefore committed no abuse of discretion in denying his motion to reopen.

**PETITION DENIED.**

---

[4] As noted supra, the agency denied Petitioner's application for withholding of removal under the INA. Petitioner's brief to this court raises no argument challenging the agency's denial of withholding of removal. We consider the issue waived. United States v. Nealy, 232 F.3d 825, 830-31 (11th Cir. 2000).